City of Chicago v. Boller, 203 Ill. App. 281.

City of Chicago, Defendant in Error, v. Gussie Boller, Plaintiff in Error.

### Gen. No. 22,601.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed January 22, 1917.

## Statement of the Case.

Prosecution by the City of Chicago, plaintiff, against Gussie Boller, defendant, for keeping a place where liquor was sold in less quantities than one gallon without a license, in violation of an ordinance of the city. From a judgment upon a verdict of guilty and fine of fifty dollars, defendant brings error.

The defendant appeared by the same counsel who made substantially the same points of error as in the case of *City of Chicago v. Simonetti, ante*, p. 279.

WILLIAM L. MARTIN, for plaintiff in error.

SAMUEL A. ETTELSON and HARRY B. MILLER, for defendant in error; DANIEL WEBSTER, of counsel.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. MUNICIPAL COURT OF CHICAGO, § 27*—*how action of trial court in refusing change of venue should be preserved for review.* Under section 23 of the Municipal Court Act (J. & A. ¶ 3335), in order to secure a review of the trial court's action in refusing a change of venue, the plaintiff in error should make a correct statement of such action, as required by the statute, and not present it by a bill of exceptions, for which the statute makes no provision in such matter.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

2. VENUE, § 34*—*when error in refusing motion for change of is waived*. Participating in the trial of a case after refusal of a motion for a change of venue waives any error of the court in such refusal.

3. ATTORNEY AND CLIENT, § 11*—*when attorney may not take acknowledgment*. An affidavit for a change of venue sworn to before an attorney in the case should not be received or considered.

4. MUNICIPAL CORPORATIONS, § 867*—*when presumed that findings of trial court are correct*. In the absence from the record of a municipal ordinance upon which the action is based, and of which the court cannot take judicial notice, the findings of the trial court will be presumed correct.

5. APPEAL AND ERROR, § 966*—*binding effect of record*. The Appellate Court is bound by the record as to the proceedings before the trial court.